UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGER LENK,<br><br>            Plaintiff,<br><br>  -vs-<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, a foreign corporation, et al.,<br><br>            Defendants. | NO.  CV-10-5018-LRS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

BEFORE THE COURT is Defendant Life Insurance Company of North America's("LINA")and CIGNA Group Insurance's Motion for Partial Summary Judgment, Ct. Rec. 20, filed on October 5, 2010.  The motion was considered without oral argument.

**I.  BACKGROUND**

This is a case arising out of Defendant LINA's denial of plaintiff's claim for disability insurance benefits. Plaintiff asserts causes of action for violation of the Insurance Fair Conduct Act ("IFCA"), breach of contract, bad faith, equitable relief, violation of the Washington Consumer Protection Act ("CPA"), and "Recovery of LTD Benefits and other losses subsequently suffered".

ORDER - 1

Plaintiff Roger Lenk made a claim for disability benefits to LINA dated September 27, 2004. Thereafter, LINA approved plaintiff's claim by letter dated November 19, 2004, and he received disability benefits for a period of time. Subsequently, LINA denied plaintiff's claim for further disability benefits by letter dated January 18, 2006. Plaintiff then pursued an administrative appeal, and LINA reaffirmed its denial by letter dated June 1, 2006. Thereafter, plaintiff pursued another administrative appeal, and LINA again reaffirmed its denial by letter dated December 11, 2006.

On November 29, 2006, plaintiff filed suit against LINA in Franklin County Superior Court (the "original lawsuit"), asserting that LINA improperly denied his claim for benefits. Among other things, plaintiff asserted that LINA "failed to act in good faith." Furthermore, plaintiff explicitly set forth a claim for "insurance bad faith." On January 16, 2007, the original lawsuit was removed to the United States District Court for the Eastern District of Washington. On June 10, 2008, the original lawsuit was dismissed.

Plaintiff then filed the current lawsuit against LINA in Franklin County Superior Court on December 8, 2009.  On February 19, 2010, the current lawsuit was removed to this Court.  With this motion, LINA now seeks partial summary judgment based on the following contentions:

1.   Plaintiff's IFCA claim is barred, because the initial denial, and all subsequent denials, occurred prior to the statute's effective date of December 6, 2007.

ORDER - 2

2.   Plaintiff's claims for bad faith, equitable relief, and "recovery of LTD benefits and other losses suffered" are barred pursuant to the applicable statute of limitations and/or based on duplicity with respect to other claims.

3.   Plaintiff's damages claims for personal injury, including his claims for emotional distress damages should be dismissed based on plaintiff's admission that he has not sustained any emotional distress damages and the unavailability of such damages in breach of contract and CPA cases.

## II.   ANALYSIS

### A.   IFCA Claim

Defendants assert that IFCA does not operate retroactively so as to permit plaintiff's cause of action. Defendants explain, citing *Malbco Holdings, LLC v. AMCO Insurance Co.*, 546 F. Supp. 2d 1130, 1133 (E.D. Wash. 2008) that "[t]he Washington Legislature has not expressed an intent to apply the IFCA retroactively, and indeed the statute is worded in present and future tenses." Id. As a result, Defendants argue, federal courts in Washington state have unanimously refused to apply the IFCA retroactively. In conclusion, Defendants state that all denials of plaintiff's claim had occurred by December 11, 2006 – well before IFCA's effective date of December 6, 2007. Defendants urge the Court to dismiss Plaintiff's IFCA claim because IFCA does not apply retroactively to those denials.

Plaintiff responds that his IFCA cause of action is based on the

ORDER - 3

assertion that LINA's denial of his claim has "continued" beyond the effective date of the statute. The Court disagrees with Plaintiff's theory as the courts interpreting this issue have held that pre-IFCA enactment conduct cannot form the basis of a present and/or continuing IFCA violation.  The *Malbco* court did not accept plaintiff's argument that its resubmission of its claims and subsequent wrongful denial of coverage after the IFCA was approved and enacted was a new and continuing violation.  In *Rinehart v. Life Insurance Company of North America*, 2009 WL 529524, *1 (W.D. Wash. 2009), the District Court for the Western District of Washington recently confirmed that, even where an insurer affirmatively denies an insured's appeal after IFCA's effective date, the statute still does not apply so long as the initial denial occurred <u>prior</u> to the effective date of the statute.

The Court finds the undisputed facts indicate that  plaintiff's claim for disability benefits was initially denied by letter dated January 18, 2006.  Thereafter, plaintiff's final appeal was denied by letter dated December 11, 2006. Consequently, the "precipitating event," along with all subsequent denials, occurred prior to the December 6, 2007 effective date of IFCA.  Plaintiff's IFCA claim is hereby respectfully dismissed.

**B.    Breach of Fiduciary Duty and Negligence (Bad Faith) Claim**

Defendants contend that plaintiff failed to file suit within three years of the date his disability benefits were denied. As a result, Defendant LINA asserts Plaintiff's claim for bad faith denial of benefits

ORDER - 4

is barred by the statute of limitations. Defendants explain that a cause of action for bad faith is a tort subject to a three year statute of limitations. RCW 4.16.080(2). Defendants conclude that Plaintiff's bad faith cause of action accrued, and the statute of limitations commenced, when his claim was initially denied by letter dated January 18, 2006.

Plaintiff urges that "[a] much fairer approach would make the date the insured receives the final denial in writing the date both contract and tort statutes accrue." Ct. Rec. 25 at 9. Plaintiff states that December 11, 2006 is the date that triggers the statute of limitations in this case, which is well within the three years of the lawsuit filing date, assuming that the insured received the letter the same day it is dated. Finally, Plaintiff states that Washington has the doctrine of continuing tort and has determined that the date of accrual for a continuing tort arises from the date of the last tortious act. *Caughell v. Group Health Cooperative*, 124 Wn.2d 217, 233-239 (1994).

The Court agrees with Defendants and finds that Plaintiff's cause of action against his insurer accrued at the time his claim for coverage was denied. Here, Plaintiff's claim for benefits was denied by Defendant LINA's January 18, 2006 denial letter. LR 56.1 Fact Stmt., ¶ 8. The letter specifically states, "[W]e are unable to continue paying benefits beyond January 16, 2006." *Id.* The letter also states, "Your claim is now closed, and no further benefits are payable." *Id*. Furthermore, it is undisputed by Plaintiff that his claim was denied pursuant to this

ORDER - 5

letter.[1]  Therefore, Plaintiff's bad faith claim is hereby dismissed as being barred by the applicable statute of limitations.

### C. Equitable Relief Claim

Plaintiff's cause of action for equitable relief seeks an order "requiring that his past and future LTD benefits be paid starting from January 16, 2006 forward." LR 56.1 Fact Stmt., ¶ 16, citing Complaint, Third Cause of Action, at ¶129. He further seeks to enjoin LINA from "terminating LTD benefits" in the future. *Id.*  Plaintiff's cause of action for equitable relief appears to be based on an alleged breach of the insurance policy contract.

Defendants argue that plaintiff cannot establish he is entitled to such extraordinary relief or that the remedy at law is inadequate. Defendants cite *Sorenson v. Pyeatt*, 158 Wn.2d 523, 531, 146 P.3d 1172 (2006) for the premise that "[i]t is a well-established rule that an equitable remedy is an extraordinary, not ordinary form of relief."

Defendants also argue that plaintiff's equitable claim is merely duplicative of his breach of contract claims, the latter claims which are not subject to Defendants' motion for partial summary judgment. Finally, Defendants argue that to the extent plaintiff's cause of action for equitable relief is not a mere breach of contract action, it is barred

---

[1] The Court notes that Plaintiff's original lawsuit was filed on November 29, 2006. Therein, Plaintiff asserted that LINA had "failed to act in good faith." Furthermore, the original lawsuit explicitly set forth a claim for "insurance bad faith."  Thus, by the time the original lawsuit was filed, Plaintiff clearly understood that he had a purported basis for a bad faith claim against Defendant LINA.

ORDER - 6

by the applicable statute of limitations. Defendants explain that although it is not entirely clear, it would appear to be a claim for "taking" or "injuring" personal property. As such, this equitable relief claim is subject to Washington's three year statute of limitations pursuant to RCW 4.16.080.

Defendants further argue to the extent that this claim is characterized as something other than a contract claim or a property damage claim, it is subject to Washington's two year "catch-all" statute of limitations pursuant to RCW 4.16.130.

The Court agrees with Defendants. As discussed above, plaintiff's causes of action accrued when his claim was initially denied and closed by LINA's letter dated January 18, 2006. Plaintiff did not file the current lawsuit until December 8, 2009 – 3 years and 11 months later. Furthermore, the current lawsuit was filed more than three years after the original lawsuit was filed on November 29, 2006 – at which point Plaintiff clearly understood that he had a purported basis for a claim against Defendant LINA. Regardless of whether a two year or three year statute of limitations applies, plaintiff's claim is time barred. Plaintiff's cause of action for equitable relief is hereby respectfully dismissed.

**D.   Long-Term Disability Benefits and Other Losses Claim**

Plaintiff asserts a cause of action for "Recovery of LTD Benefits and other losses subsequently suffered." Defendants argue that this is also a breach of contract action claim in disguise. As such, Defendants

ORDER - 7

request that this cause of action be dismissed based on duplicity. Additionally, Defendants argue that to the extent that this claim is not just another breach of contract claim, it too is barred by the applicable statute of limitation, regardless of whether the two year statute of RCW 4.16.130 applies, or the three year statute of RCW 4.16.080 applies. More than three years have passed between the time plaintiff's claims accrued on January 18, 2006, and the time the current lawsuit was filed on December 8, 2009.  The Court finds that this claim is duplicative of plaintiff's breach of contract claim, but to the extent it is not a breach of contract claim, it is barred by the applicable statute of limitations under both RCW 4.16.130 and/or RCW 4.16.080.

### E.  Damages Claims For Personal Injury and Emotional Distress

Defendants urge the Court to dismiss plaintiff's damages claims based on plaintiff's admissions during discovery. Plaintiff has reported in interrogatory answers that he has not sustained any emotional distress damages. Defendants argue that there is no evidence that plaintiff has sustained any other form of personal injury damages as a result of acts attributable to defendants.  Because plaintiff has no viable causes of action that would allow him to recover for emotional distress, or any other form of personal injury, Defendants request that these components of his damages claim should be dismissed.   The Court finds that plaintiff's causes of action for breach of contract and violation of CPA (which remain in this case) do not allow for an award of emotional distress damages, or any other form of personal injury damages. *See*

*Gaglidari v. Denny's Restaurants*, Inc., 117 Wn.2d 426, 440-48, 815 P.2d 1362 (1991); *Stevens v. Hyde Athletic Industries, Inc*., 54 Wn. App. 366, 369-370, 770 P.2d 671 (1989). Consequently, plaintiff has no viable causes of action remaining that allow for the recovery of emotional distress damages, or any other form of personal injury damages. These components of plaintiff's damages claims are hereby dismissed as requested by Defendants.

**IT IS ORDERED**:

1. Defendants' Motion for Partial Summary Judgment, **Ct. Rec. 20**, is **GRANTED**.

2. Plaintiff's First Cause of Action for "Recovery of LTD Benefits and other losses subsequently suffered" is **DISMISSED WITH PREJUDICE.**

3. Plaintiff's Second Cause of Action for "Breach of Fiduciary Duty and Negligence" is **DISMISSED WITH PREJUDICE.**

4. Plaintiff's Third Cause of Action for "Equitable Relief" is **DISMISSED WITH PREJUDICE.**

5. Plaintiff's Fourth Cause of Action for "Unreasonable Claims Denial under RCW 48.30, The Insurance Fair Conduct Act (IFCA)" is **DISMISSED WITH PREJUDICE.**

6. Plaintiff's damages claims for personal injuries, including, but not limited to, his claims for emotional distress damages, are **DISMISSED WITH PREJUDICE.**

7. Plaintiff's Breach of Contract and Washington Consumer Protection Act claims remain in this case.

ORDER - 9

1 | The District Court Executive is directed to file this Order and
2 | provide copies to counsel.
3 | **DATED** this 13th day of December, 2010.

*s/Lonny R. Suko*

LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 10